Matthew T. Christensen
ANGSTMAN JOHNSON
3649 N. Lakeharbor Lane
Boise, Idaho  83703
Telephone: (208) 384-8588
Facsimile:  (208) 853-0117
mtc@angstman.com
Christensen ISB: 7213

Attorney for Defendants

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>TIMOTHY RESLER and KIMBERLY RESLER,<br><br>               Debtors. | BK Case No. 15-00477-TLM |
| ACTING UNITED STATES TRUSTEE, REGION 18,<br><br>               Plaintiff,<br><br>v.<br><br>TIMOTHY RESLER and KIMBERLY RESLER,<br><br>               Defendants. | Adv. Case No. 15-06062-TLM<br><br>ANSWER TO COMPLAINT |

      The Debtors/Defendants, Timothy and Kimberly Resler, by and through their counsel of record, ANGSTMAN JOHNSON, hereby respond to the allegations made in the Complaint in the above-referenced Adversary Case, as follows:

ANSWER TO COMPLAINT – PAGE 1
Matter: 11128-004

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted and should be dismissed in its entirety.

## SECOND AFFIRMATIVE DEFENSE

Unless specifically admitted herein, the Debtors deny all allegations contained in the Complaint. In response to each of the specific allegations in the Complaint, the Debtors respond as follows:

1. The Debtors admit the allegations contained in paragraphs 1 through 5 of the Complaint.

2. With regard to the allegations contained in paragraph 6 of the Complaint, the Debtors admit (a) that Jeffrey Resler (aka Jeff Resler) is the Debtors' son; (b) that Jeff is presently 23 years old; (c) that Jeff attends Boise State University on a part-time basis; and (d) that Jeff owns and operates several commercial businesses. Any other allegations contained in paragraph 6 of the Complaint that are inconsistent with these admissions are denied.

3. With regard to the allegations contained in paragraph 7 of the Complaint, the Debtors admit (a) that Benjamin Helton (aka Ben Helton) is presently 29 years old; (b) that Mr. Helton has done yard work for the Debtors on the land surrounding their home; and (c) that Mr. Helton has a business relationship with Tim Resler and Jeff Resler. Any other allegations contained in paragraph 7 of the Complaint that are inconsistent with these admissions are denied.

4. With regard to the allegations contained in paragraph 8 of the Complaint, the Debtors admit (a) that in 1999 they created the Resler Trust; (b) that the Resler Trust is a revocable trust under which the Debtors are the Trustees; (c) that the Debtors are beneficiaries of the Resler Trust; (d) that the Debtors' April 16, 2015 schedules state that the title to the two real

properties are listed in the name of the Resler Trust; and (e) that Tim Resler testified that the Garden City Commercial Property is an approximately 14,000 square foot warehouse with office space. Any other allegations contained in paragraph 8 of the Complaint that are inconsistent with these admissions are denied.

5. With regard to the allegations contained in paragraph 9 of the Complaint, the Debtors admit that they used the residence located in Eagle, Idaho, for their personal use. Any allegations contained in paragraph 9 of the Complaint which are inconsistent with this admission, and all other allegations contained in paragraph 9 of the Complaint, are denied.

6. With regard to the allegations contained in paragraph 10 of the Complaint, the Debtors admit (a) that Tim Resler incorporated Hammerdog, Inc. in January 2005; (b) that both Tim and Kim Resler owned the shares of stock in Hammerdog, Inc.; (c) that Tim Resler acted as president for Hammerdog, Inc.; (d) in February 2007 a Certificate of Assumed Business Name was filed for Hammerdog, Inc., assuming the business name "Total Maintenance Solutions"; and (e) that the February 2007 Certificate of Assumed Business Name was signed by Tim Resler. All other allegations contained in paragraph 10 of the Complaint, and any allegations inconsistent with these admissions, are denied.

7. With regard to the allegations contained in paragraph 11 of the Complaint, the Debtors admit (a) that on or around December 30, 2008, a Certificate of Organization for Western Tag & Printing, LLC, was filed with the Idaho Secretary of State; and (b) that Tim and Kim Resler had an ownership interest in Western Tag & Printing, LLC. The Debtors affirmatively state that the Certificate of Organization speaks for itself, and any allegations contained in paragraph 11 of the Complaint which are inconsistent with the Certificate of Organization, or these admissions, are denied.

ANSWER TO COMPLAINT – PAGE 3
Matter: 11128-004

8. With regard to the allegations contained in paragraph 12 of the Complaint, the Debtors admit (a) that on or around December 30, 2008, a Certificate of Organization for Total Maintenance Solutions, LLC, was filed with the Idaho Secretary of State; and (b) that Tim and Kim Resler had an ownership interest in Total Maintenance Solutions, LLC. The Debtors affirmatively state that the Certificate of Organization speaks for itself, and any allegations contained in paragraph 12 of the Complaint which are inconsistent with the Certificate of Organization, or these admissions, are denied.

9. With regard to the allegations contained in paragraph 13 of the Complaint, the Debtors admit that on or about July 19, 2010, an Amendment to Certificate of Organization was filed with the Idaho Secretary of State for Total Maintenance Solutions, LLC, and affirmatively state that the Amendment speaks for itself. The Debtors also admit that, after July 19, 2010, Tim Resler continued to control Total Maintenance Solutions, LLC. Any other allegations contained in paragraph 13 of the Complaint that are inconsistent with these admissions are denied.

10. With regard to the allegations contained in paragraph 14 of the Complaint, the Debtors admit all of the allegations, except the allegation that Green Valley Lake Holdings, LLC, "used Defendant Timothy Resler's personal bank account." This last allegation is denied.

11. The Debtors admit the allegations contained in paragraph 15 of the Complaint.

12. The Debtors admit the allegations contained in paragraph 16 of the Complaint.

13. The Debtors admit the allegations contained in paragraph 17 of the Complaint, with the exception of the allegation that "no appearances were ever entered on behalf of Security Ticketing, LLC." To the extent this allegation is intended to convey that no *attorneys* appeared on behalf of Security Ticketing, LLC, in the referenced bankruptcy case, this specific allegation

is admitted. However, to the extent this allegation is intended to convey that no *individual* ever appeared on behalf of Security Ticketing, LLC, this specific allegation is denied.

14. The Debtors deny the allegations contained in paragraph 18 of the Complaint.

15. The Debtors admit the allegations contained in paragraph 19 of the Complaint.

16. The Debtors admit the allegations contained in paragraph 20 of the Complaint.

17. The allegations contained in paragraph 21 of the Complaint are vague and ambiguous as to the term "Green Valley Commercial Property." To the extent the allegations in paragraph 21 of the Complaint intend to refer to the "Garden City Commercial Property" (previously defined in the Complaint), the Debtors admit that on November 5, 2013, they granted a Deed of Trust on the Garden City Commercial Property to Mineral King, LLC. To the extent the allegations in paragraph 21 of the Complaint refer to some other real property, the Debtors deny those allegations.

18. With regard to the allegations contained in paragraph 22 of the Complaint, the Debtors admit that Tim Resler caused the referenced Deed of Trust to be recorded by Green Valley Lake Holdings, LLC. Any other allegations contained in this paragraph are denied.

19. The Debtors admit the allegations contained in paragraph 23 of the Complaint.

20. The Debtors admit the allegations contained in paragraph 24 of the Complaint, but affirmatively state that the referenced document was "filed" with the Idaho Secretary of State (not "recorded").

21. The Debtors deny the allegations contained in paragraph 25 of the Complaint.

22. With regard to the allegations contained in paragraph 26 of the Complaint, the Debtors admit that Tim Resler testified at all three meetings of creditors regarding Terravant, LLC, and Sustainable Management Group, LLC, and the Debtors affirmatively state that Mr.

ANSWER TO COMPLAINT – PAGE 5
Matter: 11128-004

Resler's testimony at those meetings speaks for itself. To the extent the allegations in paragraph 26 of the Complaint either misstate or misconstrue Mr. Resler's meeting of creditor's testimony, the Debtors deny those allegations.

23. The Debtors deny the allegations contained in paragraph 27 of the Complaint.

24. With regard to the lengthy allegations contained in paragraph 28 of the Complaint, the Debtors admit that in or around April 2014, Tim Resler entered into a Lease/Purchase Agreement with Dennis Charney regarding a lease, with subsequent option to purchase, a cabin located in High Valley, Idaho. The Debtors affirmatively state that the Lease/Purchase Agreement speaks for itself, and any allegations in paragraph 28 of the Complaint that are inconsistent with the terms of the Lease/Purchase Agreement are denied. The Debtors deny all other allegations contained in paragraph 28 of the Complaint.

25. With regard to the lengthy allegations contained in paragraph 29 of the Complaint, the Debtors admit that Tim Resler, on behalf of Total Maintenance Solutions, LLC, and Ben Helton, on behalf of Mineral King, LLC, signed an Asset Purchase Agreement dated September 17, 2014, by which Total Maintenance Solutions, LLC, sold its assets to Mineral King, LLC. The Debtors affirmatively state that the Asset Purchase Agreement (including all attachments) speaks for itself, and any allegations contained in paragraph 29 of the Complaint which are inconsistent with the terms of the Asset Purchase Agreement are specifically denied.

26. The Debtors deny the allegations contained in paragraph 30 of the Complaint.

27. The allegations contained in paragraph 31 of the Complaint are vague and ambiguous as to the term "Garden Valley Commercial Property." Assuming the reference is meant to be to the "Garden City Commercial Property" (previously defined in the Complaint), the Debtors admit that on or about September 17, 2014, Ben Helton, as manager of Mineral

ANSWER TO COMPLAINT – PAGE 6
Matter: 11128-004

King, LLC, executed a Lease Agreement for a portion of the Garden City Commercial Property, and affirmatively state that the terms of the lease agreement speak for themselves. Any allegations contained in paragraph 31 of the Complaint which are inconsistent with the lease agreement are denied. To the extent the allegations in paragraph 31 of the Complaint refer to some other real property, the allegations in paragraph 31 are denied.

28. The Debtors admit the allegations contained in paragraph 32 of the Complaint.

29. With regard to the allegations contained in paragraph 33 of the Complaint, the Debtors admit the following: (a) on or about December 29, 2014, Tim Resler completed a Business Credit Application on behalf of Total Maintenance Solutions, LLC; (b) on or around the same date, Tim Resler signed a Notice to Cosigner and Retail Installment Sale Contract. The Debtors affirmatively state that these documents speak for themselves, and any allegations contained in paragraph 33 of the Complaint which are inconsistent with those documents are specifically denied.

30. The Debtors admit the allegations contained in paragraph 34 of the Complaint.

31. The Debtors admit the allegations contained in paragraph 35 of the Complaint.

32. With regard to the allegations contained in paragraph 36 of the Complaint, the Debtors admit the allegations contained in the first, second and fourth sentences of this paragraph. The allegations contained in the third sentence of this paragraph call for a legal conclusion, and the Debtors therefor deny the allegations contained in the third sentence of paragraph 36 of the Complaint.

33. The Debtors admit the allegations contained in paragraph 37 of the Complaint, but affirmatively state that the amended Statement of Financial Affairs, filed on May 20, 2015

(Docket No. 23), also disclosed the transfer of the Green Valley Lake Holdings, LLC, interest to Jeff Resler.

34. The Debtors admit the allegations contained in paragraph 38 of the Complaint.

35. The Debtors admit the allegations contained in paragraph 39 of the Complaint.

36. With regard to the allegations contained in paragraph 40 (including all subparts) of the Complaint, the Debtors admit that on or about April 16, 2015, they filed their scheduled and statement of financial affairs, the contents of which were verified by signing declarations under penalty of perjury dated April 16, 2015.  The Debtors affirmatively state that the contents of the referenced schedules and statement of financial affairs speak for themselves, and that there were several amendments to both schedules and the statement of financial affairs which were subsequently filed by the Debtors.  Any allegations contained in paragraph 40 that are inconsistent with the Debtors schedules or statement of financial affairs are specifically denied.

37. With regard to the allegations contained in paragraph 41 of the Complaint, the Debtors admit the allegations contained in the first two sentences of this paragraph.  The Debtors deny the remaining allegations contained in this paragraph and affirmatively state that an amended statement of financial affairs was filed on October 21, 2015, which disclosed the vehicle at issue (which vehicle had previously been repossessed by the secured creditor).

38. The Debtors admit the allegations contained in paragraph 42 of the Complaint.

39. The Debtors admit the allegations contained in the first sentence of paragraph 43 of the Complaint, and affirmatively state the referenced amended schedules speak for themselves.  Any allegations contained in paragraph 43 of the Complaint which are inconsistent with the referenced amended schedules are specifically denied.

40. The Debtors admit the allegations contained in paragraph 44 of the Complaint.

ANSWER TO COMPLAINT – PAGE 8
Matter: 11128-004

41. The Debtors admit the allegations contained in paragraph 45 of the Complaint.

42. With regard to the allegations contained in paragraphs 46 and 47 of the Complaint, the Debtors admit that they testified at the May 22, 2015, meeting of creditors, and affirmatively state that the transcript of their testimony speaks for itself. To the extent the allegations contained in paragraphs 46 and 47 misstate or misconstrue the actual testimony provided, the Debtors specifically deny those allegations.

43. With regard to the allegations contained in paragraph 48 of the Complaint, the Debtors admit that they provided a copy of their homeowners' insurance policy to the Chapter 7 Trustee, and that they testified at several meetings of creditors regarding a ring owned by Kim Resler's sister, and affirmatively state that the transcript of their testimony speaks for itself. To the extent the allegations contained in paragraph 48 misstate or misconstrue the actual testimony provided, the Debtors specifically deny those allegations.

44. With regard to the allegations contained in paragraph 49 of the Complaint, the Debtors admit that they testified at the May 22, 2015, meeting of creditors, and affirmatively state that the transcript of their testimony speaks for itself. To the extent the allegations contained in paragraph 49 misstate or misconstrue the actual testimony provided, the Debtors specifically deny those allegations.

45. The Debtors admit the allegations contained in paragraph 50 of the Complaint, and affirmatively state that the referenced amendments also amended other items not described in paragraph 50 of the Complaint.

46. The Debtors admit the allegations contained in paragraph 51 of the Complaint, and affirmatively state that the referenced amendments also amended other items not described in paragraph 51 of the Complaint.

47. The Debtors admit the allegations contained in paragraphs 52 and 53 of the Complaint.

48. The Debtors admit the allegations contained in paragraph 54 of the Complaint, and affirmatively state that the referenced amendments also amended other items not described in paragraph 54 of the Complaint.

49. The Debtors admit the allegations contained in paragraph 55 of the Complaint.

50. The Debtors deny the allegations contained in paragraphs 57 (including all subparts), 58, 59, 61 (including all subparts), 62, 64, 65, 66, 68 (including all subparts), 69, 70, 72, 73 (including all subparts), 74, 75, 77, 78, 79, 81, 82, 83, 85, 86, 88, 89, 91, 92, 94 (including all subparts), 95, 96 and 97 of the Complaint.

51. With regard to the allegations contained in paragraphs 56, 60, 63, 67, 71, 76, 80, 84, 87, 90 and 93 of the Complaint, the Debtors reallege all of the foregoing responses to the individual paragraphs of the Complaint.

52. The Complaint contains what is commonly referred to as a "Prayer for Relief". No response to the Prayer for Relief is required. However, in the event the court deems a response necessary, the Debtors deny that the Acting United States Trustee is entitled to the relief requested.

### THIRD AFFIRMATIVE DEFENSE

53. With regard to the Green Valley Lake cabin, the Debtors affirmatively allege that Green Valley Lake Holdings, LLC, held the cabin in constructive trust for the various individuals who paid for the cabin and its continued maintenance.

ANSWER TO COMPLAINT – PAGE 10
Matter: 11128-004

## REQUEST FOR ATTORNEY FEES

The Debtors have been required to retain the services of Angstman Johnson, PLLC, in order to defend this adversary proceeding. In the event the Debtors prevail on any issues related to this proceeding, the Debtors request the court award them attorney fees pursuant to relevant federal and state law, including, but not limited to, 11 U.S.C. §105, 28 U.S.C. § 2412; and Fed. R. Civ. Proc. 11.

## PRAYER FOR RELIEF

Wherefore, the Debtors pray for the following relief:

1. That the Plaintiff's Complaint be dismissed in its entirety, with prejudice.

2. That the Debtors/Defendants be awarded their attorney fees and costs related to defending this lawsuit.

3. For such other relief as the Court finds just and equitable under the circumstances.

DATED this 21st day of January, 2016.

                /s/  Matt Christensen
MATTHEW T. CHRISTENSEN
Attorney for Defendants

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 21st day of January, 2016, I filed the foregoing ANSWER TO COMPLAINT electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@angstman.com |
| David Newman | david.w.newman@usdoj.gov |

Any others as listed on the Court's ECF Notice.


                    /s/ Matt Christensen
                    Matthew T. Christensen

ANSWER TO COMPLAINT – PAGE 12
Matter: 11128-004